IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRES QUEZADA-SANTANA, A75005025 *
      Petitioner,
v.                                          *   CIVIL ACTION NO. WDQ-05-1881

THE UNITED STATS DEPARTMENT OF   *
 HOMELAND SECURITY BUREAU OF
 IMMIGRATION AND CUSTOMS   *
 ENFORCEMENT,
      Respondent.                    *
                                      ******

**<u>MEMORANDUM</u>**

On July 8, 2005, Andres Quezada-Santana, a Department of Homeland Security, Immigration and Bureau of Customs Enforcement ("ICE") detainee housed at the Worcester County Detention Center, filed this 28 U.S.C. § 2241 petition for writ of habeas corpus seeking immediate release. Petitioner claims that his detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001). He seeks his immediate removal or release from detention until such time as his removal may be effected. *Id*.

Pursuant to established practice, Court personnel notified ICE authorities that this Petition had been filed. On July 15, 2005, ICE District Counsel filed a Preliminary Response to the Petition. Paper No. 2.

According to the petition, Quezada-Santana is a citizen of the Dominican Republic who was taken into ICE custody on August 7, 2004. He claims that on February 3, 2005, his order of removal became final. He states that his removal will not occur in the "reasonable foreseeable future." Paper No. 1.

Respondents confirm that Petitioner is a citizen of the Dominican Republic. A final order of deportation was entered against Petitioner on February 3, 2005. Paper No. 2, Ex. A. The order of removal became final on May 26, 2005, when Petitioner's appeal to the Board of Immigration Appeals was dismissed. *Id*., Ex. B.

The court finds that petitioner's post-removal-order custody does not, at present, violate the

dictates of *Zadvydas*. Thus, the case shall be dismissed. In *Zadvydas*, the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*.

Petitioner's removal order became final on May 26, 2005. Under Supreme Court caselaw the constitutional challenge to his continued custody is premature. I find that his current detention violates neither procedural nor substantive due process. The petition for writ of habeas corpus shall be dismissed without prejudice.

Additionally, Respondents advise that the Consulate General of the Dominican Republic issued travel documents for Petitioner on June 29, 2005. Paper No. 2, Ex. C. Petitioner is scheduled to be removed from the United States on July 25, 2005. *Id.* The Court therefore finds that Petitioner's impending deportation moots his habeas corpus challenge to his continued ICE confinement.

A separate Order follows.

July 26, 2005                                   /s/
Date                                            William D. Quarles, Jr.
                                                United States District Judge